## C. F. HARMS CO. v. BROOKLYN ASH REMOVAL CO.

(District Court, S. D. New York. January 26, 1923.)

1. **Accord and satisfaction** ⬅️17—**When there had been complete accord, and check was in discharge of obligations absolutely due, conditions held without consideration.**

     When there had been conclusive accord between parties, and check sent by one to the other was in discharge of obligation absolutely due, no condition on its delivery could be imposed, as, even if acceptance of the check was acceptance of the conditions, there was no consideration.

2. **Contracts** ⬅️32—**Not affected because confirmatory letters failed to show agreement as to what contract was.**

     Where oral contract had been made before sending of confirmatory letters, it was immaterial that the letters did not show agreement between the parties as to what the contract was.

In Admiralty. Libel by the C. F. Harms Company against the Brooklyn Ash Removal Company. Decision in favor of libelant.

Horace L. Cheney, of New York City, for libelant.
Mark Ash, of New York City, for respondent.

LEARNED HAND, District Judge. [1] The determining question in the case is whether there was a conclusive accord between the parties in November, 1918. If there was, the check sent on March 12, 1919, was in discharge of an obligation absolutely due, and in attempting to impose any condition on its delivery the respondent failed. There was no consideration, and the libelant might take what was his own unconditionally. Even if his acceptance of the check was an acceptance of the respondent's terms, then propounded, no contract resulted. It was nudum pactum. Hence the crucial point is, as I said a moment ago, whether there was a complete accord in November. The agreement was oral, and made on November 20, 1918, between Mackenzie, who was not called, for the libelant, and Tracy and Thompson, for the respondent, who were. Neither says that there was any agreement that the settlement should include any future damages, and it would be unreasonable so to interpret it. The parties were engaged in settling a claim for past damages.

[2] The respondent's letter of November 21, 1918, was indeed ambiguous yet hardly enough to throw the extent of the settlement in any genuine doubt. However that may be, the libelant's answer on December 2, 1918, repudiated any possible inference by acquiescence in

a ·broader construction. These letters, it will be observed, did not constitute the contract; they were meant to confirm it. The confirmation, it is true, might be the final memorial of the parties' intent, if they had agreed. Perhaps they did; but, if so, it was because the letter of December 2, 1918, was an unconditional acceptance. If it was not, if it must be interpreted as attaching a condition to the letter of November 21, 1918, then qua memorial the parties never agreed, and the court must fall back upon the oral contract, in which they did. There was such a contract unquestionably, even if the parties did not later agree upon what it had been.

I need not, therefore, go into a vexed question of whether the letter of December 2, 1918, was an unconditional acceptance, with a collateral interpretation of the offer, or whether the acceptance was made conditional on an assent to the interpretation. I may and do regard the respondent's acquiescence in the letter of December· 2, 1918, as evidence of what the oral contract had been; but I depend upon the oral contract itself, if the acceptance be argued to have been conditional. From all aspects, I have no doubt that the parties agreed to treat the settlement as covering only damages up to that time.

Hence I conclude that the libelant may recover his full damages for injury to the Crow, and the commissioner will proceed on that theory.